Mark C. Manning
Mark C.  Manning, P.C.
431 West 7th Avenue
Suite 204
Anchorage, Alaska  99501
(907) 278-9794
Counsel for Plaintiff

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF ALASKA

| | |
|---|---|
| GE CAPITAL COMMERCIAL INC. ) ) | |
|             Plaintiff, ) ) | |
| v. ) ) | |
| ANDREW URSIN, ) ) | Case No. Case No. 3:10-cv- |
|             Defendant. ) ) | |

## COMPLAINT

Plaintiff GE Capital Commercial Inc. alleges as follows:

### ALLEGATIONS COMMON TO ALL COUNTS

1.      This is an action for a declaration that Defendant Andrew Ursin has no lien on the vessel EGIGIK SPIRIT,  and that he is required to file documentation to that effect with the US Coast Guard Vessel Documentation Office.  Alternatively, GE Capital seeks an accounting of the amount owed Ursin for moorage, if any, so that any valid lien against the vessel may be settled.  This is a civil action under 28 USC §§2201-2202, seeking a declaration by this Court concerning the rights and obligations in respect of Ursin's lien claim against the vessel. This court also has jurisdiction over this action by reason of  28 U.S.C. § 1333.  These are admiralty and maritime claims within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

2.      GE Capital Commercial Inc. is a corporation organized under the laws of the State of Utah,  having its principal  place of  business in Holliday, Utah.  GE Capital Commercial Inc. is a successor-in-interest to CitiCapital Commercial Corporation with respect to Ursin's claim of lien on the EGEGIK SPIRIT.

3.      On information and belief, Defendant Andrew Ursin is a resident of Kodiak, Alaska. At times relevant, he was a contact for his father, Seattle resident Norman Ursin, in respect of the moorage by CitiCapital of the vessel EGEGIK SPIRIT and another vessel at Norman Ursin's facility in Kodiak.

4.      CitiCapital contracted with Norman Ursin through Andrew to moor the EGEGIK SPIRIT and another vessel at Norman's facility at $1,050 per month for each vessel, for a total of $2,100 per month. The moorgae occurred from late 2004 to early 2006. Andrew Ursin represented to CitiCapital that, by agreement with Norman, Andrew was to receive direct payment of $500.00 per month out of the total moorage payment obligation for his activities concerning the moorage of the 2 vessels. Half of this- $250- was allocable to the EGEGIK SPIRIT.

5.      Norman Ursin disputed that Andrew was entitled to this payment. An apparent condition precedent in an agreement between Norman and Andrew governing any right to payment was that Andrew keep Norman's Kodiak property free of the unauthorized storage of vehicles and other items. On information and belief, Andrew failed to satisfy this condition precedent. His representation to CitiCapital that he was entitled to any payment was, therefore, false.

6.      CitiCapital sold the EGEGIK SPIRIT subject to a warranty that it was free and clear of liens. Ursin's lien claim of $12,522.86, filed with the Vessel Documentation Center, casts a cloud on title to the vessel, which GE Capital, as CitiCapital's successor, is obligated to remove.

## COUNT 1

7.      Because he failed to satisfy the condition precedent, Andrew is entitled to no part of the moorage payment. His lien claim against the EGEGIK SPIRIT is, therefore, invalid.

## COUNT 2

8.      Plaintiff re-alleges paragraphs 1 through 7.

9.      By reason of the passage of time, the recent death of Norman Ursion, and the sale and subsequent re-sale of the EGEGIK SPIRIT, any lien Andrew may have had is now barred by the doctrine of laches.

## COUNT 3

10.     Plaintiff re-alleges paragraphs 1 through 7.

11.     Even if Andrew's claim were valid and he were entitled to payment, the sum to which

he would be entitled for activities concerning the EGEGIK SPIRIT would be very much less than the amount he claims.  The sum would be roughly $3,000, the exact amount to be proven at trial.

WHEREFORE, Plaintiff  prays for judgment

1.      declaring that Andrew Ursin has no valid lien against the EGEGIK SPIRIT and requiring that the lien claim be withdrawn from the vessel's registry;

2.      alternatively, providing an accounting of any sums due Andrew Ursin in respect of the EGEGIK SPIRIT;

3.      awarding costs and legal fees incurred in removing Andrew Ursin's unfounded cloud on tile; and

4.      an award of any additional relief the court deems appropriate.

DATED this 6th day of May, 2010, at Anchorage, Alaska.

s/ Mark C.  Manning
Mark C.  Manning
MARK C.  MANNING, P.C.
Counsel for Plaintiff
431 West 7th Avenue, Ste. 204
Anchorage, AK 99501
Phone: (907) 278-9794
Fax: (907) 278-1169
manning@alaska.net
ABA No. 8110066